IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Martin J. LIPSKE, Attorney at Law.

Supreme Court

*No. 89-1839-D. Filed June 4, 1990.*

(Also reported in 455 N.W.2d 880.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the report of the referee recommending
that the license of Martin J. Lipske to practice law in
Wisconsin be suspended for two years as discipline for
professional misconduct consisting of neglect of clients'
legal matters, failure to refund unearned portions of
retainers, making misrepresentations to clients, under-
taking legal matters without adequate preparation, prac-
ticing law while ineligible to do so under the court's rules

and failing to advise the court, his client and opposing counsel of that fact, failing to respond to client requests for information and failing to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) during its investigation of these matters.

We determine that a two-year license suspension is the appropriate sanction for this professional misconduct. Attorney Lipske repeatedly violated his fundamental professional duty to his clients to pursue their interests diligently. In some cases he did not pursue them at all, even though he had agreed to do so and accepted payment in advance for his services. He then misrepresented to his clients that he had taken appropriate action on their behalf. Attorney Lipske also ignored his fundamental professional duty to abide by the rules of this court. He continued to practice law while prohibited from doing so and did not cooperate with the disciplinary authorities investigating his conduct.

Attorney Lipske was licensed to practice law in Wisconsin in 1979 and practices in Superior. Although not previously the subject of an attorney disciplinary proceeding, Attorney Lipske was privately reprimanded by the Board in 1987 for neglect of a legal matter and failure to respond timely to the Board's inquiry into the matter.

The referee, the Honorable Rodney Lee Young, reserve judge, made the following findings of fact pursuant to a stipulation of the parties.

Attorney Lipske was retained in October, 1985 to commence a proceeding to increase child support and was paid a $200 retainer to do so. He never commenced such a proceeding and the client requested refund of the retainer. When refund was not made, the client filed a grievance with the Board. Attorney Lipske failed to respond to two letters of inquiry from the Board during its investigation and did not respond until the matter

had been referred to the district professional responsibility committee. In that response, Attorney Lipske gave no reason for his failure to act in the matter and said he kept the retainer as payment for time spent on conferences and a telephone call to the child support office. He refunded the retainer in March, 1989.

The referee concluded that Attorney Lipske neglected this legal matter, in violation of SCR 20.32(3);[1] his failure to promptly refund the client's retainer, which he had not earned, violated SCR 20.16(1)(c)[2] and 20:1.16(d)[3] and SCR 20.50(2)(d).[4]

---

[1]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2]SCR 20.16(1)(c) provides: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

[3]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4]SCR 20.50(2) provides:

A lawyer shall:

. . .

(d) Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

In July, 1986 a man retained Attorney Lipske to recover damages to his automobile following an accident. Attorney Lipske first told the client in March, 1987 that he had filed an action in the matter; thereafter he told the client he had filed the suit on April 29, 1987. Also on April 29, 1987 he told the client he had just completed the papers necessary to commence the action and would have them served by May 1. When no lawsuit had been filed by June, the client went to Attorney Lipske's office and waited while the pleadings were drafted and the client himself took them to the courthouse. Those pleadings, however, were defective in that they failed to name as defendant the driver causing the accident. The client continued to call Attorney Lipske for the next four months to see if an action had been filed on his behalf. Finally, on September 25, 1987, the client filed a grievance with the Board.

Attorney Lipske failed to respond to two letters of inquiry from the Board into his conduct in this matter. In a letter he wrote February 8, 1988, he told the Board he had redrafted the defective complaint and that the action would be filed in the next week or two. When the Board thereafter asked him to respond to the client's grievance, Attorney Lipske did not do so. He subsequently told the district committee he had not drafted the complaint properly because he was unfamiliar with the drafting of civil complaints and did not know how to go about preparing the necessary documents.

The referee concluded that Attorney Lipske neglected this legal matter, in violation of SCR 20.32(3), and that his misrepresentations to his client concerning the filing of the action violated SCR 20.04(4).[5]

---

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(b).

[5]SCR 20.04 provides: "**Misconduct** A lawyer shall not:

Attorney Lipske was retained in August, 1986 to probate an estate. Despite repeated inquiries by interested heirs, he failed to commence probate proceedings until April, 1988, when he filed a summary assignment proceeding, later superseded by informal administration.

Attorney Lipske failed to respond to an inquiry from the Board into this matter, failed to address certain allegations of the grievance in his response to a second letter from the Board and failed to make supplemental response to the allegations of the grievance as requested by a third letter from the Board. He admitted to the district committee that he was not familiar with probate proceedings and that he had not sought assistance to try to complete the estate, which remained open as of May, 1989.

The referee concluded that Attorney Lipske neglected this legal matter, in violation of SCR 20.32(3) and 20:1.3[6] and that his undertaking to handle the probate matter without experience and without seeking assistance constituted the failure to provide competent representation, in violation of SCR 20:1.1.[7]

In December, 1987, Attorney Lipske was retained by a Minnesota attorney to assist in the defense of a criminal matter in a Minnesota court. Because his license to practice law in Minnesota had been suspended

. . . (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[6]SCR 20:1.3 provides: "**Diligence** A lawyer shall act with reasonable diligence and promptness in representing a client."

[7]SCR 20:1.1 provides: "**Competence** A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

since June 30, 1983 for nonpayment of attorney registration fees, he was appearing in the action *pro hac vice,* based upon his being licensed in Wisconsin. However, he had been rendered ineligible to practice law in Wisconsin on May 9, 1988 for failure to comply with continuing legal education requirements and that ineligibility continued until July 1, 1988. It resulted, then, that he appeared in the Minnesota action on at least one occasion when he was not eligible to practice law in Wisconsin. At no time did he tell the court, his client or the Minnesota counsel of that ineligibility but the Minnesota judge learned of it from the Minnesota and Wisconsin authorities. During the course of the Board's investigation of this matter, Attorney Lipske failed to respond to two letters of inquiry.

The referee concluded that Attorney Lipske's appearance in the Minnesota action while ineligible to practice law in Wisconsin violated SCR 20:5.5(a);[8] his failure to advise the court, his client and co-counsel of his ineligibility to practice constituted conduct involving dishonesty and misrepresentation, in violation of SCR 20:8.4(c).[9]

While ineligible to practice law in Wisconsin because of his failure to comply with continuing legal

---

[8]SCR 20:5.5 provides:

**Unauthorized practice of law**
A lawyer shall not:
(a)  practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction . . ..

[9]SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

education requirements, Attorney Lipske continued practicing in the state by appearing in six separate matters, filing two actions in circuit court and meeting with new and existing clients in his office. Attorney Lipske failed to respond to two letters of inquiry from the Board of Attorneys Professional Responsibility into the matter. When he finally did respond after the matter had been referred to the district committee, that response did not include the information the Board had requested.

The referee concluded that Attorney Lipske's continuing to practice law in Wisconsin while ineligible to do so under the court's rules violated SCR 20:5.5(a).

Following the first-degree murder conviction of a client, Attorney Lipske failed to file a notice of intent to pursue post-conviction relief until 25 days after the time for filing such a notice had passed. Because he had requested in that notice that the State Public Defender be appointed to represent his client, the State Public Defender asked him several times to have the time for the filing of the notice extended retroactively but Attorney Lipske did not respond to those requests and the State Public Defender was required to proceed on its own motion. In this matter, Attorney Lipske failed to respond to two letters of inquiry during the Board's investigation of the grievance filed by the State Public Defender.

The referee concluded that Attorney Lipske failed to act with reasonable diligence and promptness on behalf of his client, in violation of SCR 20:1.3.

After a client was granted a divorce and child custody, Attorney Lipske failed to file or submit findings of fact, conclusions of law and a written judgment to the court within 30 days, as he had been ordered to do; in fact, he did not file them for three years, despite 35 contacts from his client asking him to do so. When the

client wrote to him twice informing him of errors in the judgment he eventually filed and asking him to make necessary corrections, Attorney Lipske did not respond. He also failed to respond to two letters of inquiry from the Board into the matter; the response he did make did not address all of the allegations of the grievance.

The referee concluded that Attorney Lipske neglected this legal matter and failed to act with reasonable diligence in representing his client, in violation of SCR 20.32(3) and 20:1.3; he also failed to keep his client reasonably informed of the status of the matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[10]

In June, 1987 a man claiming to have been injured while incarcerated in county jail retained Attorney Lipske to represent him in a civil action against the county. Attorney Lipske wrote the client in April, 1988 informing him that the county's insurance company wished to discuss settlement. The client then wrote to Attorney Lipske but never received a response to that letter. Attorney Lipske failed to respond to the Board's initial letter of inquiry into the matter but answered a second, stating that he had filed a claim on behalf of the client in June, 1987 but closed his case file because he had not heard from the client for some time. He offered to reopen the case if the client wanted to pursue the matter. Subsequently, Attorney Lipske failed to respond to three letters from the Board seeking information in this matter.

The referee concluded that Attorney Lipske's failure to timely and completely respond to inquiries from the Board in its investigation of this and all the other mat-

[10]SCR 20:1.4 provides: "**Communication** (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

ters constituted misconduct in violation of SCR 21.03(4) and 22.07(2) and (3).[11]

A woman retained Attorney Lipske in 1985 to commence a divorce action. The divorce was granted on June 26, 1986 and the court directed Attorney Lipske to draft findings, conclusions and a judgment and present them to the court within 30 days. Attorney Lipske failed to do so, despite repeated requests from his client. He finally filed the necessary documents on November 4, 1989, more than three years after the final divorce hearing, and then only after the client had filed a grievance with the Board. During the Board's investigation, Attorney Lipske failed to respond to the Board's initial letter of inquiry into the matter and his response to the Board's second letter did not address all of the issues raised in the grievance.

The referee concluded that Attorney Lipske neglected this legal matter and failed to act with reason-

---

[11]SCR 22.07 provides:

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

able diligence and promptness on behalf of his client, in violation of SCR 20.32(3) and 20:1.3.

We adopt these findings of fact and conclusions of law the referee made concerning Attorney Lipske's professional misconduct. We also accept the referee's recommendation of a two-year license suspension as the appropriate discipline to be imposed for the totality of that misconduct.

IT IS ORDERED that the license of Martin J. Lipske to practice law in Wisconsin is suspended for a period of two years, commencing July 1, 1990.

IT IS FURTHER ORDERED that within 60 days of the date of this order Martin J. Lipske pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Martin J. Lipske to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Martin J. Lipske comply with provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.